# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30795
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2014

Lyle W. Cayce
Clerk

SUSAN NUGENT,

Plaintiff - Appellant

v.

AETNA LIFE INSURANCE COMPANY,

Defendant - Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-65

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Susan Nugent brought this lawsuit against Defendant-Appellee Aetna Life Insurance Company alleging that she was denied long-term disability benefits in violation of provisions of the Employee Retirement Income Security Act. The district court granted summary judgment in Aetna's favor, holding that the plan administrator did not abuse its discretion in determining that Nugent was not eligible for benefits. Nugent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30795

appeals on the grounds that the plan administrator did not afford sufficient weight to the Social Security Administration's earlier determination that she is disabled and that it failed to fully evaluate some of the medical evidence. Because we find that the plan administrator's decision is supported by substantial evidence and is neither arbitrary nor capricious, we AFFIRM the judgment of the district court.

## I.     Factual and Procedural Background

While working as a bookkeeper for Total Safety USA, Inc., Susan Nugent purchased a long-term disability insurance policy through her employer with Aetna Life Insurance Company. Nugent was later diagnosed with colorectal cancer, and she left her position to undergo treatment, including chemotherapy, which lasted until October 2009. Nugent filed a claim for long-term disability benefits with Aetna based on her cancer and related side-effects, including chemotherapy-induced neuropathy. Aetna's plan administrator approved her application for benefits on April 30, 2009.

After approving her application, Aetna assisted Nugent in applying for disability insurance benefits through the Social Security Administration ("SSA"). On February 19, 2010, the SSA determined that Nugent was disabled within the meaning of the Social Security Act as a result of the physical limitations resulting from her cancer and its treatment, and it granted her application for benefits.

Nugent's cancer treatment was successful. In December 2009 and March 2010, PET scans confirmed that her cancer was in remission. However, Nugent believed that she could not work due to residual side effects of her treatment, including the pain from her neuropathy and incontinence issues. As time passed, though, medical testing revealed that many of her side effects diminished. On May 10, 2011, Aetna notified Nugent that her long-term disability benefits would be terminated because the plan administrator found

2

that she was no longer disabled as defined by her insurance plan. The plan administrator relied on medical records evincing the improvement in her condition after the SSA awarded her benefits.

Nugent appealed Aetna's denial of benefits, but Aetna upheld its determination. Nugent filed this lawsuit against Aetna in federal court on January 10, 2012. The parties discovered that due to a technical error, Aetna had not received the complete SSA determination, so the parties jointly moved to resubmit the claim to Aetna. The district court granted the motion, and Aetna reconsidered the claim in light of the full SSA opinion. It issued a supplemental determination on November 5, 2012, in which it again determined that it would terminate Nugent's benefits because she was no longer disabled under the terms of the policy.

The matter returned to district court, and the parties filed cross-motions for summary judgment. The district court denied Nugent's motion, granted Aetna's motion, and entered judgment in Aetna's favor. It held that: the plan administrator's denial of benefits was supported by substantial medical evidence; a conflict of interest existed in the case, but there were no facts showing that this conflict should be given additional weight in reviewing the decision; and that the plan administrator properly considered the SSA award in making its determination. The district court explained that some of the medical evidence showed that Nugent's condition had improved after the SSA made its determination. Based on this evidence, the plan administrator's decision was neither arbitrary nor capricious. Nugent timely appealed.

## II.    Standard of Review

We review de novo the district court's conclusion that an Employee Retirement Income Security Act ("ERISA") plan administrator did not abuse its discretion in denying disability benefits. *Crowell v. Shell Oil Co.*, 541 F.3d 295, 312 (5th Cir. 2008). Under this approach, we review the plan

administrator's decision from the same perspective and with the same standard of review as the district court. *Anderson v. Cytec Indus.*, 619 F.3d 505, 512 (5th Cir. 2010). When a benefits plan's terms grant the plan administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan, which it does here, we review the determination to deny benefits for abuse of discretion. *Id.* We will affirm a plan administrator's determination to deny benefits if it is "supported by substantial evidence and is not arbitrary or capricious[.]" *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004). "The fact that the evidence is disputable will not invalidate the decision; the evidence need only assure that the administrator's decision fall somewhere on the continuum of reasonableness—even if on the low end." *Porter v. Lowe's Cos., Inc.'s Business Travel Accident Ins. Plan*, 731 F.3d 360, 363–64 (5th Cir. 2013) (internal quotation marks and footnote omitted).

### III.  Discussion

In reviewing Aetna's decision to terminate Nugent's long-term disability benefits, we weigh several case-specific factors. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008). Any one factor may serve "as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Id.* Factors may include the medical evidence, structural conflicts of interest, and whether the SSA has awarded benefits. *Schexnayder v. Hartford Life & Accident Ins. Co.*, 600 F.3d 465, 469–71 (5th Cir. 2010). When one of the factors is an existing SSA determination finding that a claimant is disabled, the plan administrator must address the SSA's decision in its determination; failure to do so renders a determination procedurally unreasonable. *Id.* at 471. However, the duty to acknowledge a contrary SSA determination is not a duty to afford the determination any specific weight. A plan administrator need

only consider the SSA's determination, but it may conclude that the medical evidence supporting denial is more credible. *Id*. at 471 n.3.

On appeal, Nugent challenges the plan administrator's treatment of the SSA's February 2010 determination that she is disabled. Specifically, she argues that the administrator should have given more deference to the SSA's determination since the definition of "disability" applied by the SSA is arguably more stringent than the definition employed by Aetna. However, Nugent's argument contains two fatal flaws. First, we only require that a claim administrator address a contrary decision as a factor. Nugent urges us to give the SSA's decision more weight because of her belief that its definition of disability is arguably harder to meet. Without opining on whether the SSA's definition is more or less stringent than the definition of disability in Nugent's plan, Nugent's proposed treatment of the SSA determination is contrary to this circuit's clear requirement that the plan administrator need not afford the agency's findings and conclusions any special deference. *Id.* The ultimate weight afforded the determination is case-specific and depends on the balancing of the competing factors. Aetna discussed the SSA determination, so its decision is not procedurally unreasonable.

Second, Nugent's fixation on the meaning of "disability" suggests that Aetna ultimately afforded the SSA determination little weight because of the technical differences between Aetna's and the SSA's definitions. This characterization is incorrect. Aetna's decision not to give the SSA's determination weight stemmed largely from the fact that it was based on outdated medical records. According to Aetna, medical evaluations of Nugent following the SSA's determination in February 2010 revealed that Nugent's cancer was in remission and her neurological symptoms had lessened. Nugent argues that Aetna has not pointed to any medical records that would support this conclusion, but the record contains PET scans from 2009 and 2010, which

reveal that her cancer was in remission; several "benign" and "normal" neurological exams between February 2010 and May 2011; an EMG study from December 2010 that was "normal" and revealed no evidence of neuropathy, plexopathy or radiculopathy; and numerous "normal" examinations by her primary care physician.    Furthermore, in April 11, 2011, a neurologist performed a peer review of the medical record and opined that there was no objective evidence that Nugent had any functional impairments that would preclude work.    Thus, Nugent's suggestion that the plan administrator dismissed the SSA's determination solely based on the difference in the definitions of "disability" ignores the fact that there was ample evidence in the record to show that the SSA's determination no longer reflected Nugent's physical limitations as of May 2011.  Given the change in Nugent's condition, we find no error in the plan administrator's evaluation and consideration of the SSA opinion.

Nugent only vaguely challenges Aetna's determination that the record demonstrates an improvement in her medical condition between February 2010 and May 2011.  She argues that Aetna failed to fully consider three documents that support her claim that she experiences neuropathy and cannot work.  However, Nugent does not claim that this evidence is so persuasive as to overwhelm the contrary medical evidence and render the plan administrator's decision unreasonable.  As the district court correctly noted, these medical documents make Aetna's determination debatable but not arbitrary and capricious.  Since Nugent does not expressly challenge the sufficiency of the medical evidence supporting the plan administrator's decision to terminate her benefits, we will not consider it here.

## IV.    Conclusion

For the aforementioned reasons, we AFFIRM the judgment of the district court.